92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Syed Shahid AHMED-NAQVI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70720.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided May 28, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Syed Shahid Ahmed-Naqvi, a native and citizen of Pakistan, appeals an order of the Board of Immigration Appeals ("BIA" or "Board") adopting and affirming the Immigration Judge's ("IJ") denial of his requests for asylum (8 U.S.C. § 1158(a)) and withholding of deportation (8 U.S.C. § 1253(h)).
 
 
 3
 * Naqvi argues that two anonymous 1990 phone calls, received in the United States and threatening him with harm if he returned to Pakistan, constitute past persecution for his political opinion.
 
 
 4
 This argument is unpersuasive. Naqvi provides no support for the assertion that anonymous phone calls alone amount to past persecution, especially when they occur in the United States, as opposed to the alien's country of origin. In addition, Naqvi never argued in his appeal to the BIA that the IJ erred by not finding him to be the victim of past persecution. Accordingly, he has not exhausted his administrative remedies with respect to this issue. See Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980).
 
 
 5
 Thus Ahmed-Naqvi failed to bear his burden of proving past persecution in Pakistan, and forfeited the past persecution claim in any event by failing to preserve it before the BIA.
 
 II
 
 6
 Naqvi asserts that the immigration judge erred in requiring that he establish persecution throughout Pakistan and in finding that there was nothing in the record to indicate that Naqvi would be unsafe in all parts of Pakistan.
 
 
 7
 The Ninth Circuit has held that in evaluating a claim of a well-founded fear of persecution, a court may consider whether an applicant could reside safely in another part of his native country. Cuadras v. INS, 910 F.2d 567, 571 n. 2 (9th Cir.1990) (when reviewing BIA's determination as to well-founded fear of persecution, the court may consider evidence that alien could avoid localized danger by settling in a different part of the country); Quintanilla-Ticas v. INS, 783 F.2d 955, 957 (9th Cir.1986) ("Even if petitioners would face some danger in their home town ..., deportation to El Salvador does not require petitioners to return to the area of the country where they formerly lived.").
 
 
 8
 In cases where applicants have established past persecution, "[t]here is no burden on the applicant to show that his past experience reflected conditions nationwide," Singh v. Ilchert, 63 F.3d 1501, 1510 (9th Cir.1995), and the court presumes a "well-founded" fear of persecution unless the INS can show by "a preponderance of the evidence" that conditions in the country have changed "to such an extent" that the applicant can no longer have a "well-founded" fear of persecution. 8 C.F.R. § 208.13. If the INS is unable to rebut the presumption of a well-founded fear of persecution, then the applicant will be found eligible for asylum.
 
 
 9
 Naqvi argues that because he experienced past persecution, the IJ's requirement that he demonstrate a country-wide fear of persecution was error as a matter of law. This argument is without merit. As discussed in Part I, Ammed-Naqvi did not establish past persecution. Accordingly, the burden did not shift to the government to show that conditions in Pakistan changed to the extent that Naqvi would now be safe in that country. Instead, the burden remained with Naqvi to demonstrate that he would be unsafe in all parts of Pakistan. The IJ correctly found that Naqvi failed to establish this requirement. Naqvi's testimony seemed to indicate that any danger lay in Karachi. He failed to present any evidence that indicated there were no areas of Pakistan in which he could live safely. Although he asserted that the Sindhi Peoples Party is a "national party" that has "control everywhere in Pakistan," the MQM is now allied with the ruling IJI coalition, which displaced the PPP government headed by Benazir Bhutto after the October 1990 elections in Pakistan. In addition, much of the documentary evidence presented at the hearing indicated that the MQM is a compelling force, regardless of any affiliation with the present ruling party. The BIA could conclude, based on substantial evidence on the record as a whole, that the Sindhis' power was not unrivaled.
 
 
 10
 Thus, the IJ was correct in both requiring Naqvi to demonstrate a country-wide fear of persecution and in finding that he failed to satisfy that requirement.
 
 III
 
 11
 Naqvi argues that a reasonable factfinder would be compelled to find that he had a well-founded fear of persecution on account of his political opinion.
 
 
 12
 Naqvi clearly established a subjective fear of persecution. The IJ did not question his credibility. Thus the principal question is whether the subjective fear has a sufficient objective basis.
 
 
 13
 In making this determination, the IJ's primary focus was on the anonymous telephone threats. Although the IJ found Naqvi's testimony to be credible, a review of the record indicates that it does not meet the requirement of "credible, direct, and specific evidence." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 14
 The threats were made to Naqvi in the United States, suggesting that he has an equal, if not greater, risk of danger here. Moreover, after the two initial calls, nothing else happened to Naqvi. Although Naqvi indicates that the calls threatened danger only if he were to return to Pakistan, as indicated by the INS, "the IJ could legitimately conclude that if the person who had taken the trouble to call Naqvi twice actually was intent on persecuting him for his activities in this country on behalf of the MQM, then this "persecutor" would not be content to simply await Naqvi's eventual return to Pakistan before crossing paths with him again."
 
 
 15
 In addition, Naqvi produced no evidence to indicate that any group, organization, or government authority in Pakistan likely to take action against him on account of his political views or activity was aware of his participation in the Los Angeles demonstration. See Abedini v. INS, 971 F.2d 188, 192 (9th Cir.1992) (affirming denial of asylum where alien failed to show that he "has done or said anything" in the U.S. that had come to the attention of Iranian authorities and that would cause him to be persecuted). This lack of evidence is particularly relevant here, given the number of close family members Naqvi has in Pakistan. Moreover, the IJ correctly observed that Naqvi provided no evidence that any of his family members had been harmed in Pakistan since Naqvi departed. This court has stated that "the absence of harassment of an alien's family tends to reduce the probability of persecution." Estrada v. INS, 775 F.2d 1018, 1021-1022 (9th Cir.1985).
 
 
 16
 Because Naqvi did not demonstrate that his fear had an objective basis, the IJ was correct in finding that Naqvi failed to establish a well-founded fear of persecution.
 
 
 17
 Because the standard for withholding of deportation is more demanding than the "well-founded fear of persecution" standard for asylum eligibility, "failure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 18
 The IJ's decision denying asylum and withholding deportation, adopted by the BIA, is supported by substantial evidence.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3